UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                              Case No. 18-31268-BPC
                                                                                                       Chapter 13

MARY ANN WOOD,

      Debtor.

## MEMORANUDM OPINION OVERRULING
## TRUSTEE'S OBJECTION TO CONFIRMATION

      Confirmation of Debtor's Chapter 13 plan (the "Plan") is pending before the Court. Debtor proposes a plan in which her student loan debt is classified with other general unsecured claims. The Chapter 13 Trustee ("Trustee") objects to confirmation of the Plan on the basis that Debtor's proposed plan unfairly discriminates under 11 U.S.C. § 1322(b)(1) because it does not separately classify her student loan debt to be paid outside the plan or in deferment. The Court, having reviewed the pleadings, briefs, and counsels' arguments, holds that Debtor's proposed plan does not discriminate under 11 U.S.C. § 1322(b) and overrules Trustee's objection.

## VENUE AND JURISDICTION

      This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Furthermore, this Court may hear and adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

## FINDINGS OF FACT

      On May 3, 2018, Debtor filed for relief under chapter 13. (Doc. 1). On May 3, 2018, Debtor filed the Plan. (Doc. 2). On July 3, 2018, Trustee filed an Objection to Confirmation of the Plan (the "Objection") stating: "Debtor was to amend the plan to make provisions for student loans as being paid outside/in deferment. Otherwise unsecured creditors will receive

less than 10%." (Doc. 17). The Objection provides no other basis for objecting to confirmation and states that Debtor's overall pay record is 100%. (Doc. 17). Debtor filed a Response (Doc. 18) to the Objection on July 10, 2018. A hearing on the Objection was held on July 23, 2018. At the hearing, the parties were given until October 22, 2018 to submit briefs in support of their respective positions. Trustee filed her Brief in Support of Trustee's Objection to Confirmation (Doc. 21) on September 24, 2018, and Debtor filed her Brief in Support of Confirmation (Doc. 23) on October 8, 2018.

## LEGAL ANALYSIS

The relevant provisions of the Bankruptcy Code applicable here are §§ 1122 and 1322. Section 1322 in pertinent part provides that:

> (a)(3) if the plan classifies claims, [the plan] shall provide the same treatment for each claim within a particular class; and
> . . .
> (b)(1) Subject to subsections (a) and (c) of this section, the plan *may* – (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, *but may not discriminate unfairly against any class so designated*; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims; . . . . (emphasis added)

Section 1122 provides that:

(a) Except as provided in subsection (b) of this section, a plan *may* place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.
(b) A plan *may* designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience. (emphasis added)

By including the word "may," the provisions of §§ 1122(a) and 1322(b)(1) are permissive, not mandatory. Even though the language of § 1322(b)(1) grants a debtor authority to designate and discriminate between unsecured creditors in a chapter 13 plan as provided by § 1122, the Court can find no requirement that a debtor must discriminate between unsecured creditors even if the outcome results in a smaller percentage paid to unsecured creditors. Specifically, there is nothing in the Bankruptcy Code that gives nondischargeable student loan

claims priority over any other unsecured claim. *In re Chapman*, 146 B.R. 411, 417 (Bankr. N.D. Ill. 1992) (stating that "unsecured student loan debt, dischargeable or not, is substantially similar to other unsecured debt, and therefore dischargeable and nondischargeable student loans can be classified with other unsecured debt"); *In re Bentley*, 266 B.R. 229, 241-42 (1st Cir. BAP 2001) (stating that "sharing on a *pro rata* basis is fair as between those creditors whose debts are dischargeable and those whose are not, because, … their claims are of equal priority").

Moreover, if a plan does not separately classify unsecured claims, the Court does not need to make a determination as to whether a debtor has met their burden of showing the proposed classification does not unfairly discriminate. Section 1322(b)(1) distinguishes between discrimination that is unfair and discrimination that is not. "'To discriminate, in its broadest sense, is to make a distinction or to note a difference between two things. Derivatively, it is to treat two things differently on account of a distinction between them.'" *In re Pracht*, 464 B.R. 486, 490 (Bankr. M.D. Ga. 2012) (quoting *In re Bentley*, 266 B.R. at 229). Thus, there must be different treatment among two classes of claims in order to have discrimination. *Id*. In a case where there is only one class of unsecured claims, as is the case here, there cannot be unfair discrimination because the § 1322(b)(1) provision "may not discriminate unfairly against any class so designated" is only applicable when a debtor has designated more than one class of unsecured claims. Debtor is able to forego the unfair discrimination analysis contemplated by § 1322(b)(1) by crafting a plan that does not discriminate at all. Instead, Debtor classifies her student loan debt as a general, unsecured debt and proposes to treat her student loan debt the same way as her other unsecured debt. Accordingly, Trustee's argument that there is unfair discrimination must fail here because there is no separate classification and thus, no discrimination.

Counter to the myriad cases cited by both parties, Trustee here argues in favor of discrimination. Specifically, Trustee contends that the nondischargeable nature of student loan debt is a sufficient distinction to warrant separate classification under § 1322(b)(1). Although the majority of courts have held that "discrimination based solely on nondischargeability is unfair," other courts allow discrimination on that basis. *In re Pracht*, 464 B.R. at 489. This Court makes no finding as to the fairness of that discrimination, but merely acknowledges that,

due to the permissive language of § 1322, it is not mandatory for a debtor to separately class such claims.

## **CONCLUSION**

For the reasons stated above, Trustee's Objection to Confirmation is overruled and Debtor's proposed plan will be confirmed. The Court will enter an Order by way of a separate document.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor
Earl Gillian, Attorney for Debtor
Sabrina L. McKinney, Trustee